

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 17, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.
                 Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government submits this motion to respectfully request that the Court order that, before the parties appear before Your Honor to give their opening statements in the trial in the above-captioned case, the defendants provide to the government any materials they intend to show the jury during their opening statements. For the reasons stated below, this request is generally consistent with the Court's prior order and will enable opening statements to proceed fairly and efficiently by ensuring that there is sufficient time for the government to raise, and the Court to resolve, any objections the government may have to those materials in advance of the defendants' opening statements.[1]

I.    Background

      On February 22, 2019, prior to opening statements scheduled on February 26, 2019 in the above-captioned case (before the trial was adjourned until April 15, 2019), Your Honor ordered the defendants:

> It is the Court's view that anybody who wants to show anything physical to the jury during their opening has to show it to all parties and make sure there are no objections. I will hear the objections Tuesday[, February 26, 2019] morning, if there are any, but by way of guidance, as I said, if there is a bona fide evidentiary objection, I am not going to let it be used during the argument because obviously,

---

[1] When the government today raised with defense counsel the timing of when they would provide to the government any materials they intend to use during opening statements, each defense counsel stated that they would provide such materials directly before their respective opening statement but not any sooner.

> we have to see how the case proceeds to know whether that kind of objection would be sustained. Show them your slides.

See Trial Transcript at 763.

       Your Honor initially ordered the parties to exchange any materials they intended to show the jury during their February 26, 2019 opening statements on February 23, 2019. Id. However, when defense counsel objected to providing materials three days in advance because, they claimed, the government was seeking a preview of the defendants' opening statements, Your Honor granted the defendants' request to provide the materials five minutes before their opening statements. Id.

II.    <u>Ordering the Defendants to Provide Any Materials Before the Parties Appear Before the Court to Give Opening Statements Will Ensure That Openings Proceed Fairly and Efficiently</u>

       The government's request to receive any materials the defendants intend to show the jury during openings before the parties appear before the Court is generally consistent with Your Honor's February 22, 2019 order and in the interests of fairness and efficiency. As an initial matter, this schedule will ensure sufficient time for the government to review the materials and raise any objections to the Court, and for the Court to resolve those objections, prior to opening statements. This schedule will also ensure that if the Court sustains any of the government's objections, defense counsel have sufficient time to make any corresponding edits to their materials prior to their openings.

       In addition, the concern that defense counsel raised when Your Honor previously ordered disclosure of their materials three days before opening statements—namely, that the government would get a "preview" of the defendants' opening statements—is allayed by ordering disclosure before the parties' appearance before Your Honor. The government has finished writing its opening statement and has no intention of altering it based on the materials the defendants provide shortly before the government's opening.

      For the reasons set forth above, the government requests that the Court grant the government's request that the defendants disclose any materials they intend to show the jury during their opening statements before the parties appear before Your Honor to give their opening statements.[2]

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

By:        /s/
                                        Alicyn L. Cooley
                                        David C. Pitluck
                                        Lauren H. Elbert
                                        Patrick T. Hein
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

Cc:    Clerk of the Court (BMC) (by ECF)
        Defense Counsel (by ECF)

---

[2] Should the Court not be inclined to grant the government's request, the government requests in the alternative that the Court take a short break directly following the government's opening statement during which the defendants shall provide the government with any materials they intend to show the jury during their opening statements so that the government can raise, and the Court can resolve, any objections the government may have to those materials in advance of the defendants' opening statements. This alternative request suffers, however, from the disadvantages of breaking up the flow of the openings statements and not ensuring that, should the Court grant any of the government's objections, defense counsel will have sufficient time to make any corresponding edits prior to their opening statements.